# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Seymour Wolf

v.

Norman D. Groh et al.

December 13, 1984

Case No. (Chancery) C78-1563

## By JUDGE H. CALVIN SPAIN

I have considered all of the special pleas of the Defendants with respect to the Statute of Limitations and Laches in the above-captioned matter.

The Court finds from a review of the file and all of the pleadings that the Bill of Complaint, in present format, sets forth two causes of action: (1) a derivative stockholder action brought in the individual name of Seymour Wolf for the benefit of the corporation and (2) an individual claim of action on behalf of Seymour Wolf for personal damages. The Court further finds that the derivative stockholder action is for direct injury to property, which, upon the pleadings, may involve wrongful taking, wasting, or destruction. Additionally, the Court finds that the personal action by Seymour Wolf is for indirect injury.

Accordingly, it makes little difference whether Section 8.01-43(B) or its predecessor § 8-24 of the Code of Virginia is used. The results are the same. The Court finds that derivative stockholder action is governed by a five-year Statute of Limitations, and that at least, insofar as the Statute of Limitations is concerned, it was filed in a timely manner. The personal action, the Court finds to be governed by a one-year Statute of Limitations and that, the Court further finds was not brought in a timely fashion.

The additional item for consideration is that of Laches as it may apply to the respective parties. The Defendants, Lance A. Lavenstein and Ralph H. Park served as officers and directors, as applicable, for only brief periods of time. Their involvement in Hialeah Inn, Inc., was solely the result of the death of Gerald Lavenstein. It is undisputed that Park resigned as a director in October of 1974 and Lavenstein resigned as an officer and director on April 15, 1975. According to the allegations, sometime in 1974 and 1975 the misdeeds of the Defendants supposedly were committed. Even if it is admitted for sake of argument that the Defendants Lavenstein and Parks owed some duty to have knowledge of the facts alleged to have been committed by Groh, it is undisputed that Lavenstein and Park remained uninformed as to the misdeeds until this action was filed on September 1, 1978. In the meantime, the Plaintiff had engaged in an effort to salvage the corporation through cooperation with Norman D. Groh. Further, the corporate asset, consisting of a Holiday Inn located in the State of Florida, was placed in Receivership. Ultimately, the Holiday Inn was the subject of foreclosure. At no time did the Plaintiff disclose the alleged misdeeds to the Defendants, Lavenstein and Park, and at no time were they afforded to use any financial resources, management, or business skills, or any powers of persuasion which they might possess in an effort to conserve the corporate asset known as the Holiday Inn and/or to otherwise recover damages or mitigate damages. Accordingly, the Court finds that the actions brought by Seymour Wolf, both the derivative action and the personal action, are barred on the ground of Laches by unreasonable delay and prejudice with respect to the aforesaid Defendants.

With respect to the Defendant, Alvin D. Doxey, the Court simply does not have before it sufficient facts concerning Doxey's involvement in the business affairs of the Hialeah Inn, Inc., or in the related business activities of Norman D. Groh, to determine that the derivative stockholder action would be barred by Laches. Accordingly, the Court overrules the plea of Laches on behalf of the Defendant, Alvin D. Doxey, at this time. However, the Court will consider a renewed motion, if filed in the future, when sufficient evidence is before the Court for a rational determination to be made.

With respect to the Defendant, Barbara Groh, the pleadings allege that as a Defendant she was an officer and/or director of Hialiah Inn, Inc. Upon reviewing the pleadings, it does not appear that this contention has been disputed and, in fact, from her depositions it would appear that there is evidence that on the official Florida records, at least, Barbara Groh was listed as both a director and secretary of Hialiah Inn, Inc. Her deposition further reveals complete and total lack of knowledge of all of its business affairs including whether she ever executed any documents with respect to the corporation. Since the discovery process is incomplete at this point, the Court is unable to determine the extent to which Barbara Groh may have been prejudiced by the failure of the Plaintiff to pursue his remedies at an earlier date. The Court is not unmindful of the fact that Norman D. Groh and Barbara Groh are husband and wife, but, nevertheless, marital status does not necessarily confer mental telepathy upon the parties. Accordingly, the Court overrules the special plea of Laches with respect to the Defendant, Barbara Groh, at this time. But, as the Court has already stated with respect to Alvin D. Doxey, the Court will consider a timely renewal of the motion if and when the appropriate evidence is before the Court for a rational decision to be made.

With respect to the Defendant, Norman D. Groh, the Court finds no basis in his contention that he has been prejudiced and, accordingly, summarily overrules his special plea of Laches.